UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD L. JOHNSON,<br>          Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>          Defendant. | Case No. 4:18-cv-00921-KAW<br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 20, 22 |

Plaintiff Howard L. Johnson seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On September 9, 2014, Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") Benefits. Administrative Record ("AR") 130-38. Plaintiff alleges a disability onset date of June 8, 2014. AR 146. Plaintiff's claim was initially denied on October 30, 2014, and upon reconsideration on March 18, 2015. AR 83-87, 93-97. Plaintiff filed a Request for Hearing on April 26, 2015. AR 98-100. A hearing was held before Administrative Law Judge Robert Freedman on October 30, 2015. AR 29-61.

Plaintiff is sixty-six years old. AR 130. Plaintiff received a paralegal certificate, and worked as a contract paralegal from 2006 to 2014. AR 43, 151. Plaintiff received his health care from the U.S. Department of Veterans Affairs hospital in Palo Alto, California. *See* AR 32-33.

Plaintiff has been diagnosed with obesity, mild to moderate stenosis, and chronic obstructive pulmonary disease. AR 17. Plaintiff has also been diagnosed with sleep apnea, mild cataracts, chronic cough, and hypertension. AR 17-18. His hypertension is controlled with medication, and his sleep apnea is so not so severe, as Plaintiff reported that he prefers not to use his CPAP machine. *See* AR 18, 271, 273, 364, 368, 372, 377.

In a decision dated January 28, 2016, the ALJ found that Plaintiff was not disabled. AR 14-24. On March 14, 2016, Plaintiff requested that the Appeals Council review the ALJ's decision. AR 128. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on May 19, 2017. AR 3-8. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

On October 24, 2018, Plaintiff filed his motion for summary judgment. (Pl.'s Mot., Dkt. No. 20.). On November 19, 2018, Defendant filed its opposition. (Def.'s Opp'n, Dkt. No. 22.) On December 17, 2018, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 23.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tackett*, 180 F.3d at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in

substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, she is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner in step five. *Id.* at 954.

### III. THE ALJ'S DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since September 9, 2014, the application date. AR 16. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, mild to moderate stenosis in L4-L5, and chronic obstructive pulmonary disease ("COPD"). AR 17. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1. AR 18. Before considering step four, the ALJ determined that Plaintiff has residual functional capacity "to perform medium work as defined in 20 C.F.R. § 416.967(c) except the claimant can frequently use ramps and stairs, occasionally use ropes and ladders, and never be exposed to vibration, unprotected heights, or

3

pulmonary irritants." AR 19. At step four, the ALJ concluded that Plaintiff could perform past relevant work as a paralegal. AR 23. Thus, Plaintiff was not disabled pursuant to the Social Security Act. AR 24.

## IV. DISCUSSION

### A. Plaintiff's supplemental evidence

As an initial matter, Plaintiff has submitted declarations and other evidence in support of his motion for summary judgment. Pursuant to 42 U.S.C. 405(g), the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Indeed, the Procedural Order for Social Security Review Actions, in citing 42 U.S.C. 405(g), explicated stated that

> [t]he parties are reminded that the Court's jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record, and whether the Secretary complied with the requirements of the Constitution and the Social Security Act and administrative regulations in reaching the decision reviewed.

(Dkt. No. 3.) Despite this admonition, Plaintiff seeks to augment the administrative record by submitting declarations in support of his moving papers, as well as supplemental evidence, rather than by a noticed motion to augment the administrative record. This is improper.

Nonetheless, the Court will briefly consider the evidence, although the undersigned's evaluation is hampered by Plaintiff's failure to explain why the evidence is material and to what extent the evidence is already part of the administrative record.[1]

Generally, when evidence is pre-decisional, a claimant must show that the evidence is both material and that good cause exists for his failure to produce the evidence prior to the ALJ's decision. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (citing 42 U.S.C. § 405(g)). Evidence is "sufficiently material to require a remand, 'only where there is

---

[1] Consistent with Plaintiff's moving papers, he does not cite to any pages of the administrative record or legal authority that permits the consideration of additional evidence. The documents themselves are, for the most part, unauthenticated, and are merely attached as exhibits to the electronically-filed motion for summary judgment and reply brief, rather than as exhibits to declarations. As such, even if supplemental evidence was allowed, the vast majority of it would not be admissible in the form submitted by Plaintiff.

4

a *reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination had it been before him.'" *Booz*, 734 F.2d at 1380 (quoting *Dorsey v. Heckler*, 702 F.2d 597, 604–605 (5th Cir. 1983)) (emphasis in original).

The declaration of Dr. Joyce Chen, Plaintiff's treating physician, merely lists Plaintiff's diagnoses and states that he is in "a considerable amount of pain" and that his therapy and treatment are ongoing. (Decl. of Joyce D. Chen, M.D., Dkt. No. 20-1 ¶¶ 3-5.) The declaration is dated September 19, 2018, but there is no indication that the declaration even applies to the period before the date of the ALJ's decision, nor does it contain any information not found in the administrative record. For these reasons, the declaration does not appear to be material, and Plaintiff makes no coherent argument regarding materiality. Plaintiff also does not explain why he did not produce this evidence to the ALJ.

Plaintiff also submitted copies of his California Department of Motor Vehicles application for a disabled parking placard and his application for discounted transit fare based on his disablity. (*See* Dkt. No. 20-4.) The fact that Plaintiff applied for a disabled parking placard and may pay the discounted fare on public transit does not mean that he is disabled under the Social Security Act.[2] (*See* Dkt. No. 20-4.) Having a disability does not mean that Plaintiff cannot work. Many individuals with mobility impairments have disabled placards, pay discounted bus fare, and still maintain gainful employment. To argue otherwise perpetuates negative stereotypes regarding the abilities of people with disabilities.

Plaintiff also submitted applications to the VA regarding home health care, dated August 23, 2016 and May 15, 2017,[3] which is after the ALJ's decision was issued. (Dkt. Nos. 20-6 & 20-7.) Post-decisional evidence does not support Plaintiff's claim that he was disabled during the relevant time period, and Plaintiff does not explain why these documents support his claim that he was disabled in January 2016.

In support of his reply, Plaintiff also furnished a copy of the disability ratings decision

---

[2] The Court notes that these documents were submitted to the Appeals Council as attachments to arguments submitted by Plaintiff, but do not appear to have been included in the administrative record. AR 8, 217-220.

[3] The documents are also not authenticated or otherwise described in a supporting declaration.

5

from the U.S. Department of Veterans Affairs, dated June 15, 2017. (VA Disability Rating, Dkt. No. 23-2.) This decision was based on additional evidence submitted on May 18, 2017. *Id.* at 1. Therein, Plaintiff was found to be eligible for continued disability benefits with a 50% rating for sleep apnea, 30% rating for COPD, 10% rating for degenerative disc disease lumbar spine, 10% for coronary artery disease, and 10% for hypertension. *Id.* at 3. Collectively, this results in a combined disability rating of 80%. *See* U.S. DEPARTMENT VETERANS AFFAIRS, Benefits Rates—Combined Rating (Sep. 17, 2019), https://www.benefits.va.gov/compensation/rates-index.asp#combinedRatingsTable1. In his reply brief, Plaintiff appears to argue, albeit incoherently, that the VA's determination means that his combination of impairments medically equal a listed impairment at step three. (*See* Pl.'s Reply at 3:16-22.) It does not. Generally, an ALJ gives "great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may give less weight to the VA disability rating so long as they provide "persuasive, specific, valid reasons for doing so that are supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694–95 (9th Cir. 2009) (quoting *McCartey,* 298 at 1076) (internal quotations omitted). That said, in *Valentine,* the ALJ's determination that the claimant was not disabled under the Social Security Act, despite a 100% disability rating, was affirmed on the grounds that "the acquisition of new evidence or a properly justified reevaluation of old evidence constituted persuasive, specific, valid reasons supported by the record to assign little weight to a VA disability rating. *Valentine,* 574 F.3d at 695. Here, unlike in *Valentine,* the VA did not assign Plaintiff a 100% disability rating, so the rating is of limited materiality, because the assumption is that Plaintiff can work albeit with assistance. Furthermore, Plaintiff provides no legal authority or argument regarding why the VA rating should be considered or how the Court is supposed to interpret this evidence. The evidence was also submitted with his reply, which deprived the Government of the opportunity to respond, which likely constitutes waiver. In the absence of a 100% VA disability rating, and any legal argument from Plaintiff regarding materiality, the Court finds that the post-decisional evidence is immaterial.

Moreover, while generally the VA rating should be given great weight, the decision states that benefits are continuing, and there is no indication that the rating has changed, so Plaintiff

must show good cause as to why his VA disability rating paperwork was not provided to the ALJ.[4,5] *See Booz,* 734 F.2d at 1380. Plaintiff fails to make any arguments pertaining to good cause, and, therefore, has not met his burden.

Accordingly, the Court finds that Plaintiff has not shown that the evidence filed in support of the pleadings are material, and that good cause existed for failing to produce Dr. Chen's declaration or information pertaining to his VA disability rating prior to the ALJ's decision. As for the post-decisional evidence, if Plaintiff's condition has worsened since January 28, 2016, the date of decision, he may file another application for benefits with a later alleged onset date.

**B.     Plaintiff's failure to cite to the administrative record is fatal.**

Additionally, consistent with his failure to make any arguments regarding supplemental evidence submitted in support of his moving papers, Plaintiff's moving papers fail to cite to the administrative record or any federal legal authority, despite being represented by counsel.[6] The Court is under no obligation to scour the administrative record on summary judgment, where a party has failed to identify the specific record evidence with particularity. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Furthermore, a claimant bears the burden of showing that he is disabled, so "sweeping and conclusory assertions, with no citation to any helpful material in the Administrative Record, are insufficient to justify a remand…." *Welsh v. Berryhill*, No. CV 17-4565 JC, 2018 WL 3017530, at *4 (C.D. Cal. June 13, 2018) (citing *Carmickle v. Commissioner, Social Security Administration,* 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008)). To find otherwise would require the Court to perform counsel's work of "putting flesh on [the argument's] bones through a discussion of the applicable law and facts." *Rogal v. Astrue*, No. C12-5158-RSL-BAT, 2012 WL 7141260, at *3 (W.D. Wash. Dec. 7, 2012), *report and recommendation adopted,* No.

---

[4] This assumes that the document was not provided. Plaintiff has not cited to any evidence in the record, and the Court is under no obligation to scour the record to determine whether a prior VA disability rating was included in the administrative record.

[5] The Court also notes that Plaintiff's application for benefits states that he has never worked for the Federal government or served in the military, so it is possible that the Social Security Administration never sought documents pertaining to his VA disability rating. *See* AR 132.

[6] Oddly, the only statute Plaintiff cites to is California Code of Civil Procedure § 2032.310, which permits a party to seek leave of court to obtain an independent mental or physical examination in civil cases. It does not apply to Social Security cases.

7

C12-5158-RSL, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), *aff'd sub nom. Rogal v. Colvin*, 590 F. App'x 667 (9th Cir. 2014) (citations omitted).

Accordingly, the Court finds that Plaintiff's failure to cite to a single page of the administrative record requires that his motion for summary judgment be denied.

**C. Merits**

Nonetheless, the Court will briefly address the three arguments[7] Plaintiff makes in his motion for summary judgment: (1) that the ALJ erred by finding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1; (2) that the ALJ failed to properly credit the opinion of treating physician Dr. Chen; and (3) that the ALJ's RFC assessment that Plaintiff could perform medium work is defective, because he did not properly credit the opinion of Plaintiff's treating physician, and did not order a consultative examination. (Pl.'s Mot. at 6-8.)

    **i. The ALJ did not err by finding that Plaintiff did not meet a listed impairment at step 3.**

Plaintiff argues that the ALJ erred at step 3 by refusing to credit "Plaintiff's testimony as to the level of his impairment." (Pl.'s Mot. at 6.) In evaluating credibility of a claimant's testimony regarding severity of pain and other symptoms, an ALJ must engage in a two-step process analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). First, the ALJ must determine whether there is medical evidence of an underlying impairment which could reasonably be expected to produce the alleged symptoms. *Id.* The second step requires that the ALJ specify

---

[7] For the first time in his reply brief, Plaintiff argues that he was prejudiced at the administrative hearing, because he was not provided with the administrative record in advance of the hearing. (Pl.'s Reply at 4.) Plaintiff does not, however, identify how he was prejudiced. *Id.* at 4-5. The transcript of the hearing indicates that Plaintiff had copies of most of the medical records, that the ALJ went over the records with Plaintiff, and explained them to him. AR 32-34. The ALJ even offered to give Plaintiff time to review the records, but Plaintiff declined, because "[i]t sounds like yours is more or less a duplication of my efforts. I'll go ahead and accept yours." AR 33-34. While there is no indication that Plaintiff suffered prejudice, the argument is waived by virtue of first raising this argument in his reply. *See Estate of Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).

8

which testimony she finds not credible, and then provide "specific, clear and convincing reasons" why she finds such testimony not credible. *Lingenfelter*, 504 F.3d at 1036. For example, an ALJ may reject claimant's severe pain testimony when the claimant failed to explain why he did not follow a prescribed course of treatment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). It might not be a legitimate reason, however, to reject claimant's testimony based on her capacity to perform daily activities, because impairments that preclude full time employment will often be "consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Here, Plaintiff generally argues that the combination of his impairments met or equaled a listing. (Pl.'s Mot. at 6-7.) At step three, the ALJ determined that Plaintiff's back and other impairments did not meet or equal Listings 1.04 (disorders of the spine), 3.02 (chronic pulmonary insufficiency), and 4.02 (chronic heart failure), and 4.05 (recurrent arrhythmias). AR 18-19. Citing to the medical evidence, the ALJ found that, at most, Plaintiff experiences some mild to moderate stenosis, because he is able to walk without assistance, with a normal gait, and that his straight leg raising tests were negative. AR 18. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original). Plaintiff does not do so.

Instead of identifying the specific testimony in the administrative record, along with supporting medical documentation in the record, that should be credited and why the ALJ improperly discounted Plaintiff's subjective complaints as to severity of his conditions, Plaintiff claims that the ALJ had a "misplaced bias" against Plaintiff "due to the explanations Plaintiff was forced to use to secure and schedule the treatment he needed at the Palo Alto VA Healthcare System." (Pl.'s Mot. at 7.) At the hearing, the ALJ questioned Plaintiff regarding the inconsistencies in his paperwork and testimony. *See* AR 35-46, 52. During the questioning, Plaintiff admitted to earning as much as $22,000 a year, but that he has not filed taxes with the Internal Revenue Service since 2009, because Plaintiff did not want his refund garnished for back

9

1   child support for a child he claims that he was found not to have fathered. AR 20, 36-38. Plaintiff
2   also admitted to misrepresenting his employment status with the VA Hospital in Palo Alto to
3   obtain faster medical treatment. AR 40. When questioned, Plaintiff denied telling his doctor in
4   January 2015 that he was working, but his treatment records document that he told a doctor that he
5   was "work[ing] greater than 40 hours per week as a paralegal in the local judiciary." AR 52, 321.
6   The ALJ relied on these and other misrepresentations and inconsistencies in finding that Plaintiff
7   was less than credible. *See* AR 19-20.

In light of the foregoing, the Court finds that the ALJ properly determined that Plaintiff's testimony was not credible. Furthermore, Plaintiff has not met his burden of showing that his unlisted impairment, or combination of impairments, is equivalent to a listed impairment, because he has not identified any medical evidence in support of his argument.

### ii. The ALJ properly credited the opinion of Plaintiff's treating physician.

Plaintiff argues that the ALJ's RFC determination was defective, because he did not assign sufficient weight to the opinion of Plaintiff's treating physician. (Pl.'s Mot. at 7-8.)

The opinions of treating medical sources may be rejected only for clear and convincing reasons if not contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the record contains conflicting medical evidence, the ALJ must make a credibility determination and resolve the conflict. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence...." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citations omitted).

Again, without identifying any medical evidence to suggest otherwise, Plaintiff makes a conclusory argument that the medical opinion of his treating physician, Dr. Joyce Chen, M.D., was not assigned sufficient weight. (Pl.'s Mot. at 7.) There is no indication that the ALJ did not

afford significant weight to Dr. Chen's position. In fact, the ALJ extensively cited to Dr. Chen's treatment notes. AR 21-22. Dr. Chen's notes from July 2014 indicate that Plaintiff's pain was being medically managed. AR 21 (citing AR 357). Dr. Chen's notes from October 13, 2014, indicate that Plaintiff's MRI showed L4-L5 disc protrusion, but she observed that his gait was normal and that he experienced no major postural deviations. AR 21-22 (citing AR 350-52). Dr. Chen's treatment notes from June 1, 2015 provide that Plaintiff reported being asymptomatic and did not complain of any back pain or other pain symptoms. AR 22 (citing AR 514). Instead, Plaintiff seems to argue that Dr. Chen's declaration in support of the motion for summary judgment should be considered. For the reasons set forth above, the Court declines to consider the declaration, because it is not material. *See* discussion, *supra,* Part IV.A.

Accordingly, the Court finds that the ALJ properly credited Dr. Chen's medical opinion.

### iii. The ALJ did not err in his RFC assessment

Lastly, Plaintiff argues that that the ALJ's RFC assessment that Plaintiff could perform medium work is defective, because he did not properly credit the opinion of Plaintiff's treating physician, and did not order a consultative examination. (Pl.'s Mot. at 6-8.) A Social Security claimant's RFC is what the claimant is capable of doing despite his or her mental and physical limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001). An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The ALJ must consider all relevant evidence in formulating an RFC, and "an RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690. The ALJ's findings may be set aside if not supported by substantial evidence. *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002); *Smolen*, 80 F.3d at 1279. An ALJ may omit limitations arising out of a claimant's subjective complaints only if the subjective complaints have been properly discredited. *See Lingenfelter*, 504 F.3d at 1040-41 (RFC excluding subjective limitations was not supported by substantial evidence where the ALJ did not provide clear and convincing reasons for discrediting claimant's testimony).

Here, Plaintiff argues that the ALJ should have considered the medical opinion of his treating physician "far more seriously than a selective glimpse at portions of his medical records." (Pl's Mot. at 8.) Further, Plaintiff argues that the ALJ should have ordered an independent physical exam of Plaintiff. *Id.* at 7.

As discussed above, the Court does not find that the ALJ discounted the opinion of Plaintiff's treating physician. The ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). Here, the ALJ acted as the proper fact-finder and final arbiter by analyzing the relevant medical evidence to conclude that even though Plaintiff's medically determinable impairments could reasonably be expected to cause some alleged symptoms, the Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. *See* AR 19-21. The ALJ supported this reasoning by citing to medical opinions for Plaintiff's physical impairments used to evaluate the RFC, as well as to contradictory evidence (e.g., reports that he was asymptomatic, reported low pain scores, etc.). AR 19-21.

Additionally, Plaintiff argues that the ALJ should have ordered a consultative examination. (Pl.'s Mot. at 7.) To the contrary, the ALJ is only required to order a consultative examination if an examination is necessary for the ALJ to make a disability determination. *Leitner v. Comm'r Soc. Sec. Admin.*, 361 F. App'x 876, 877 (9th Cir. 2010) ("The ALJ's duty to develop the record is triggered if there is ambiguous evidence or the record is inadequate for proper evaluation of evidence.") There is no indication that this is the case, and Plaintiff, by failing to cite to a single page of the administrative record, has utterly failed to satisfy his burden of showing that he is unable to perform medium work. *See Carmickle*, 533 F.3d at 1161 n. 2.

Accordingly, the Court finds that the ALJ did not err in determining Plaintiff's RFC.

//
//
//
//
//

12

# V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED, and Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: September 30, 2019

KANDIS A. WESTMORE
United States Magistrate Judge